STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-11-499
TDN-CUM-11/25/2013

AQUA COVE MORTGAGE
CORPORATION,

    Plaintiff,

v.

GARY AURITT and
SHANNON AURITT,

    Defendants.

ORDER

STATE OF MAINE
Cumberland ss. Clerk's Office

NOV 25 2013

RECEIVED

Before the court is defendant Shannon Auritt's special motion pursuant to 14 M.R.S. § 556 (the anti-SLAPP statute) to dismiss the motion for contempt filed by plaintiff Aqua Cove Mortgage Corporation.

The court has reviewed the special motion, the opposition papers filed by Aqua Cove, and Shannon Auritt's reply papers.

The court concludes that the Auritts' filing of a complaint before the Maine Human Rights Commission on November 26, 2012 would qualify as the exercise of a First Amendment Right to petition the government.[1] Under Nader v. Maine Democratic Party, 2012 ME 57, 41 A.3d 551 ("Nader I"), and Nader v. Maine Democratic Party, 2013 ME 51, 66 A.3d 571 ("Nader II"), the burden then shifts to Aqua Cove to offer prima facie evidence that "at least one" of the petitioning activities in question was devoid of any reasonable factual support or any arguable basis in law and caused actual injury to Aqua Cove. Nader II, 2013 ME 51 ¶ 14.

---

[1] Both Gary Auritt and Shannon Auritt filed the MHRC complaint that led to the motion for contempt. They are now represented by separate counsel and only Shannon Auritt has filed a special motion under the anti-SLAPP statute.

In this case that would appear to require Aqua Cove to offer prima facie evidence that at least one of the discrimination charges was without any reasonable factual support. The court concludes that Aqua Cove has offered prima facie evidence that all of the claims of discrimination in the Auritts' MHRC complaint and in the materials subsequently submitted to the Commission by Shannon Auritt were devoid of any reasonable factual support.

There is also evidence of actual injury in the form of the attorneys fees that Aqua Cove incurred in defending against the MHRC complaint. As a result, Shannon Auritt's special motion to dismiss is denied.

Aqua Cove also contends that the Auritts' MHRC complaint violated the terms of a settlement agreement in this case because it was based in part on conduct that allegedly occurred prior to the effective date of the Settlement Agreement, which provided that the Auritts, among others, promised and agreed they would not

> file, charge, claim, sue, or cause or permit to be filed any charge, claim, or action for damages or other relief against the other parties hereto . . . involving any matter occurring in the past up to the date of this Agreement involving the parties or involving any continuing effects of actions or practices involving the parties which arose prior to the Effective Date . . . .

Settlement Agreement and Release ¶ 4.[2] Although the filing of an MHRC complaint relying in part on conduct allegedly occurring prior to the Settlement Agreement would appear to constitute a violation of the Agreement, the court does not rely on the Settlement Agreement in denying the special motion to dismiss and will consider at the

---

[2] The court has granted a motion to seal the settlement agreement because of a confidentiality provision in the agreement. However, if the settlement agreement is offered in evidence at the contempt hearing, the court will unseal the document because court proceedings are public proceedings and, except for rulings on material that is privileged or made confidential by statute, cannot be based on secret evidence.

contempt hearing what effect, if any, an alleged violation of the settlement agreement may have on the motion for contempt.

The entry shall be:

Defendant Shannon Auritt's special motion to dismiss plaintiff's motion for contempt pursuant to 14 M.R.S. § 556 is denied. The Clerk is specifically directed to enter this Order on the civil docket by notation incorporating it by reference to M.R.Civ.P. 79(a).

Dated: November 25, 2013

Thomas D. Warren
Justice, Superior Court

3

AQUA COVE MORTGAGE CORP VS GARY AURITT ET AL
CASE #:PORSC-CV-2011-00499

--------------------------------------------------------------------------------

009872 ATTORNEY: DUCHETTE, ANDRE G
ADDR: 30 MILK STREET 5TH FLOOR PORTLAND ME 04101
  FOR: AQUA COVE MORTGAGE CORP     PL     RTND  04/12/2012

001690 ATTORNEY: MITTEL, ROBERT
ADDR: 85 EXHANGE ST 4TH FLOOR PORTLAND ME 04101-5036
  FOR: GARY AURITT     DEF     RTND  09/03/2013

00694 ATTORNEY: POTTER, JUDY
ADDR: 356 SPURWINK AVENUE CAPE ELIZABETH ME 04107
  FOR: SHANNON AURITT     DEF     RTND  09/23/2013